IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERMEL CROWNER<br>7958 Cedarbrook Ave.<br>Philadelphia, PA 19150 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | No.: _____ |
| v. | : <br> : | |
| MLH MSO HOLDCO, INC. d/b/a<br>ETHOS CANNABIS<br>807 Locust St<br>P. O. Box 37635, PMB 65177<br>Philadelphia, PA 19101 | : <br> : <br> : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
| Defendant. | : <br> : | |

## CIVIL ACTION COMPLAINT

Jermel Crowner (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by MLH MSO Holdco, Inc. d/b/a Ethos Cannabis (hereinafter referred to as "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200d *et seq.*), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff intends to amend his instant lawsuit to include claims under the PHRA once his administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC").

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing his Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

**PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. MLH MSO Holdco, Inc. d/b/a Ethos Cannabis is a multi-state cannabis corporation that operates dispensaries and cultivation facilities in Pennsylvania, Massachusetts, and Maryland, with a corporate office at the above-captioned address.

9. At all times relevant herein, Defendant acted through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a Black (African American) male.

12. Plaintiff was employed with Defendant for approximately one year as a Post Harvest Technician 2, from on or about January 30, 2024, until his unlawful termination (discussed in more detail *infra*) on or about January 17, 2025.

13. At all relevant times hereto, Plaintiff worked from Defendant's 150 Solar Drive, Fairless Hills, PA 19030 location.

14. Throughout his tenure with Defendant, Plaintiff fell under the supervision of several members of management, including but not limited to: Manager, Jeff Haas (Caucasian, hereinafter "Haas"), Post Harvest Supervisor, Steve Solecki (Caucasian, hereinafter "Solecki"), General Manager, Nicholas Santiago (Hispanic, hereinafter "Santiago"), and generally by CEO, Gibran Washington (Black, hereinafter "Washington").

15. During Plaintiff's tenure with Defendant, he performed his job well, often helping struggling employees with their work, and devising cost saving ideas to help Defendant's bottom

line, such as advising Defendant to place boxes under hanging product to prevent product from hitting the ground and becoming unusable.

16. However, upon Plaintiff's observations and belief, Defendant's work environment has been disparate and unfairly harsh toward Black employees.

17. Defendant's Caucasian and/or non-black management and employees clearly favored Caucasian employees, while Plaintiff was treated disparately and less fairly. By way of example, but not intended to be an exhaustive list:

 a. Defendant's Caucasian and/or non-Black management and co-workers treated Plaintiff in a rude and demeaning way;

 b. Plaintiff tried to apply for two Team Lead positions (the first for as needed areas in or about the Summer of 2024 and the second for the pack room in or about December of 2024), that he was qualified for but both were given to Caucasian employees; and for one such promotion, Plaintiff was not even allowed to apply – only a Caucasian female from the pack room was permitted to apply, who was then given the position, despite that Plaintiff had more experience and was trained in more areas than the female employee. Nor was Plaintiff even considered or granted any interviews for the positions;

 c. Plaintiff's Black girlfriend also applied for an available position within Defendant that she was qualified for, but she was rejected, and two Caucasian females were hired over her;

 d. Plaintiff was unfairly disciplined for minor issues, while Caucasian employees were not disciplined for the same (*i.e.*, Plaintiff was disciplined in or about December of 2024 for using vacation time when someone broke into his house, and

      he had to leave work early to talk to the police despite having permission from his supervisor, while Caucasian and/or non-Black employees were not punished for using vacation time for a myriad of "emergency" reasons[2]; and

    e. Plaintiff was overly scrutinized and monitored while working unlike his Caucasian and/or non-Black counterparts.

18. Plaintiff repeatedly complained to Solecki, Santiago, and Human Resources ("HR") that it was not fair that she was not even provided an interview or considered for the positions, but he was told that he could not fight it and to let it go.

19. Thereafter, on or about January 15, 2025, Plaintiff was able to talk to Defendant's CEO, Washington, after work while Washington was in the facility, and informed Washington that Plaintiff was being treated unfairly as a result of his race (which Plaintiff felt Washington should understand as a fellow Black man), including being denied promotions and being unfairly disciplined.

20. Plaintiff further explained to Washington that his cousin (another Black male) had been treated the same way when he had worked for Defendant before Plaintiff.

21. Plaintiff also complained to Washington that if Plaintiff had been a Caucasian person, he would have been treated entirely differently and given interviews for the promotions that were available.

22. Washington responded only that he could not jump over Santiago in the chain of command, and that he could not address the needs of one person – Plaintiff – over others – effectively dismissing Plaintiff's concerns. This was particularly troubling to Plaintiff as Santiago

---

[2] Plaintiff even provided a video of the aftermath of the break-in to Defendant as management required proof for his time off, unlike with this Caucasian co-workers.

and the other managers had proved ineffective in addressing his claims thus far, hence the reason for escalating his claims to Washington.

23. Thereafter, on or about January 17, 2025, Plaintiff attempted to complain about the aforementioned instances of disparate and discriminatory treatment as a result of his race by following the chain of command but was shuffled from person to person until he was told to reach out to General Manager, Patrick (Caucasian, last name unknown, hereinafter "Patrick").

24. Plaintiff made a request to speak to Patrick that same day, but before he could speak to Patrick, Plaintiff was abruptly called into a meeting with Santiago and HR and informed that he was being terminated immediately, purportedly for failing to properly apply stickers to product, which occurred **approximately one month prior**.

25. When Plaintiff replied to Santiago that this was not typically a terminable offense, as Defendant typically just advised other employees (Caucasian and/or non-Black) to re-sticker the product, Santiago jumped out of his chair and said, "I don't want to hear anything else from you," followed by, "I have been wanting to get you out of here."

26. As a result, Plaintiff believes and therefore avers that his race and/or his complaints of race discrimination were undoubtedly the reason he was fired because he had never been counseled about the alleged sticker mis-labeling – which Plaintiff denies – until after he complained of race discrimination to Washington **just two days prior**.

27. Plaintiff believes and therefore avers that he was subjected to discrimination, a hostile work environment, retaliation, and terminated because of his race and his complaints of race discrimination.

28. Plaintiff further believes and therefore avers that his race was a motivating and determinative factor in the termination of his employment by Defendant.

## COUNT I
## Violations of 42 U.S.C. Section 1981
### ([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. During Plaintiff's employment with Defendant, he was subjected to discrimination, retaliation, and a hostile work environment through disparate and discriminatory treatment, including being denied promotional opportunities and issued pretextual discipline, as outlined *supra* because of his race.

31. Plaintiff objected to the aforementioned instances of race discrimination and disparate treatment by Defendant's management, but his concerns were largely ignored, and Defendant's management continued to subject Plaintiff to hostility, animosity, and disparate treatment because of his race.

32. Plaintiff was then terminated for completely pretextual reasons on or about January 17, 2025.

33. Plaintiff believes and therefore avers that he was subjected to discrimination, a hostile work environment, and retaliation because of his race and his objections to/complaints of race discrimination.

34. Plaintiff further believes and therefore avers that but for his race, he would not have been terminated from his employment with Defendant.

35. These actions as aforesaid constitute violations of Section 1981.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")
([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. During Plaintiff's employment with Defendant, he was subjected to discrimination, retaliation, and a hostile work environment through disparate treatment, including being denied promotional opportunities and being issued pretextual discipline, as outlined *supra* because of his race.

38. Plaintiff objected to the aforementioned instances of race discrimination and disparate treatment by Defendant's management but, his concerns were largely ignored, and Defendant's management continued to subject Plaintiff to hostility, animosity, and disparate treatment because of his race.

39. Plaintiff was then terminated for completely pretextual reasons on or about January 17, 2025.

40. Plaintiff believes and therefore avers that he was subjected to discrimination, a hostile work environment, and retaliation because of his race and his objections to/complaints of race discrimination.

41. Plaintiff further believes and therefore avers that his race was a motivating and determinative factor in the termination of his employment by Defendant.

42. These actions as aforesaid constitute violations of Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
8 Interplex Drive
Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801

Dated: July 28, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Jermel Crowner | : | CIVIL ACTION |
| v. | : | |
| MLH MSO Holdco, Inc. d/b/a Ethos Cannabis | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (x)

| 7/28/2025 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☐
If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CROWNER, JERMEL

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS
MLH MSO HOLDCO, INC. D/B/A ETHOS CANNABIS

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
*(For Diversity Cases Only)*

## IV. NATURE OF SUIT
[X] 442 Employment

## V. ORIGIN
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing: Title VII (42USC2000); Section 1981 (42USC1981)
Brief description of cause: Violations of Title VII, Section 1981 and the PHRA.

## VII. REQUESTED IN COMPLAINT:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

DATE: 7/28/2025
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE